United States District Court
Southern District of Texas
**ENTERED**
November 18, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PERCIVAL DYER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-3619 |
| | § | |
| CAPITAL ONE FINANCIAL CORPORATION, | § | |
| *Defendant*. | § | |

## ORDER TO SHOW CAUSE

Defendant removed this case to federal court from the 55th Judicial District for Harris County, Texas on September 25, 2019.[1]  Having reviewed the Notice of Removal (Dkt. 1), Defendant's response to J. Miller's standing Order In Removed Cases (Dkt. 5), and Plaintiff's Response to Defendant's Notice of Removal (Dkt. 13), the Court concludes that Defendant has not met its burden to show that all requirements for federal jurisdiction under 28 U.S.C. § 1332(a) are met in this case.

Federal jurisdiction is limited.  The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).  Defendant removed this case pursuant to 28 U.S.C. §1441(b) on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332(a).  Diversity jurisdiction requires the amount in controversy to exceed $75,000.00, exclusive of interest and costs.  *See id.* § 1332(a).  In order to determine amount in controversy, the Court first

---

[1] On November 8, 2019, United States District Judge Gray H. Miller referred this case to Magistrate Judge Christina A. Bryan pursuant to 28 U.S.C. § 636(b)(1(A) and (B).  Dkt. 11.

examines the plaintiff's pleading to see if it is facially apparent the claims exceed the jurisdictional minimum; if not, the Court may look to "summary judgment" type evidence. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). The amount in controversy is judged as of time of removal. *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 397 (5th Cir. 2018) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).

Defendant asserts federal subject matter jurisdiction exists in this case because Plaintiff is a citizen of Texas, Defendant is a citizen of Virginia, and the amount in controversy exceeds $75,000.00. Dkt. 5 at 1. Defendant contends that it is "facially apparent" that the amount in controversy exceeds $75,000 because Plaintiff's Original Petition alleges that Capital One's actions "have and continuously cause Plaintiff more than five thousand dollars annually in interests, etc." and seeks judgment "in the amount of dollars, plus Interests, court costs, actual and exemplary damages, attorney's fees, etc." Dkt. 5 at 2. Defendant reasons that if Plaintiff is losing $5,000 annually in interest, then the "underlying amount of alleged actual damages logically would have to exceed more than $75,000." *Id.*

Plaintiff, who is appearing pro se, protests that she is alleging the loss of $5,000 in interest annually, and thus her recovery in this case likely will be $10,000 - $15,000 (depending on the date of judgment), plus court costs. Dkt. 13. Plaintiff's one-page Original Petition alleges that Defendant "maliciously closed all Plaintiff's accounts on or about August 21, 2017 and failed to adequately respond to any correspondence over more than twenty-three months." Dkt. 1-3 at 2. Defendant's theory of damages in this case

2

misconstrues Plaintiff's claim. The Court construes Plaintiff's Original Petition not to assert damages in an unknown principal sum on which the interest is $5,000 annually, but to assert damages of $5,000 annually because that is the amount of interest she would have earned if Defendant did not wrongfully close her bank accounts. Thus, it is not facially apparent that Plaintiff's damages in this case likely exceed $75,000. Because it is not facially apparent that the amount of Plaintiff's claims exceeds $75,000, the Court

ORDERS Defendant to present evidence within 7 days of entry of this Order to show cause why this case should not be remanded to state court for lack of federal subject matter jurisdiction. Failure to do so will result in this Court recommending that the District Court remand this action to the 55th District Court for Harris County, Texas from which it was removed.

Signed on November 18, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge