# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Percival Dyer, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-19-3619 |
| | § | |
| Capital One Financial Corporation, | § | |
| | § | |
| *Defendant*. | § | |

## Order to Remand

Pending before the court is plaintiff Percival Dyer's response to defendant Capital One Financial Corporation's ("Capital One") notice of removal. Dkt. 13. On November 18, 2019, Magistrate Judge Christina A. Bryan ordered Capital One to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. Dkt. 14. Capital One subsequently filed notice with the court that it "now agrees to the remand of this case to Texas state court." Dkt. 15. Having considered the complaint, notice of removal, response, and applicable law, the court is of the opinion that federal jurisdiction does not exist in this case.

On September 25, 2019, Capital One removed this case pursuant to 28 U.S.C. § 1441(b) on the basis of federal diversity jurisdiction, which *inter alia*, requires the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a). However in his compliant, Dyer seeks damages in an amount far less—$5,000 annually in lost interest. Dkt. 1-3 at 2. Capital One now seemingly concedes this is the appropriate measure of the amount in controversy. Dkt. 15. Because Capital One has not met its burden to prove federal diversity jurisdiction in this case and the court sees no other basis for federal jurisdiction, this case must be remanded to the state court. 28 U.S.C. § 1447(c) ("If at any

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, this case is REMANDED to the 55th Judicial District Court for Harris County, Texas, and Capital One's motion to dismiss (Dkt. 6) is DENIED AS MOOT.

Signed at Houston, Texas on November 27, 2019.

_____
Gray H. Miller
Senior United States District Judge